## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## HELENA DIVISION

| | |
|---|---|
| GERALD R. FOSTER,<br><br>Plaintiff,<br><br>vs.<br><br>MIKE MAHONEY, et. al.,<br><br>Defendants. | Cause Nos. CV 09-00040-H-DWM-RKS<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN forma PAUPERIS AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

Pending is Plaintiff Gerald R. Foster's Motion to Proceed In Forma Pauperis (Document 2) and proposed civil rights Complaint filed pursuant to 42 U.S.C. § 1983. (Document 1).

## I. STATEMENT OF THE CASE

### A.    Jurisdiction

Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983 seeking to recover for alleged federal constitutional violations while incarcerated at Montana State Prison in Deer Lodge, Montana. Accordingly, the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

B.     **Parties**

Plaintiff is a state prisoner incarcerated at Montana State Prison.  The named Defendants are:  Mike Mahoney, Myron Beeson, Tom Woods, Gayle Lambert, Larry Burke, Tricia Robles, Nick Cook, Lorraine Noda, and Wayne Bequette.

C. **Plaintiff's Allegations**

Plaintiff alleges that on May 4 and 5, 2009 he was forced to remove labels on meat packages marked "Beef burger for dogs" and dated October 19, 2006 and replace them with labels marked "Black Angus beef raised in Montana."  He states this meat was sent to the Missoula Food Bank on May 6, 2009.

He contends his Fifth and Eighth Amendment rights were violated because he had no choice other than the hole if he did not follow orders regarding replacing these labels.   He contends this made him "do something to put fear of others." (Document 2–Complaint, p. 5, ¶ IV(A)).

## II.  MOTION TO PROCEED IN FORMA PAUPERIS

Plaintiff submitted a declaration and account statement sufficient to make the showing required by 28 U.S.C. §1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

Pursuant to 28 U.S.C. § 1915(b)(1) Plaintiff must pay the statutory filing fee of $350.00.  Because the current balance of Plaintiff's account is not known, the initial partial filing fee will be waived.  Plaintiff must make monthly payments of 20 percent of the preceding month's income credited to his institutional account. By separate order, the agency having custody of Plaintiff will be directed to forward payments from Plaintiff's account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

Plaintiff's Complaint is deemed filed as of the date the Motion to Proceed In Forma Pauperis was filed and the proposed complaint was delivered to the Clerk of Court.  *See Loya v. Desert Sands Unified Sch. Dist.,* 721 F.2d 279, 280-81 (9th Cir. 1983); *see also United States v. Dae Rim Fishery Co.,* 794 F.2d 1392, 1395 (9th Cir. 1986) (concluding complaint constructively filed when delivered to clerk of court).

## III.  PRESCREENING

### A.  Standard

As Plaintiff is a prisoner proceeding in forma pauperis, his Complaint is subject to screening under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A.  Section

1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and][o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

Sections 1915A(b) and 1915(e)(2)(B) allow for the dismissal of the complaint before it is served upon the defendants if it is "frivolous" or "fails to state a claim upon which relief may be granted." A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (quotation omitted).  This requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.*  A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007)(quoting *Bell*, 127 S.Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))).

Additionally, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson*, 127 S.Ct. at 2200; *Cf*. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).  The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).  Leave to amend is liberally granted to pro se litigants unless it is

"absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

### B.  Failure to Exhaust Administrative Remedies

The Court need not engage in an analysis of Plaintiff's substantive allegations given the circumstances of this case.  Plaintiff submitted a form for prisoner complaints under 42 U.S.C. § 1983.  In Plaintiff's Complaint, in the section pertaining to Exhaustion of Administrative Remedies, Plaintiff admitted there was a grievance procedure in his current institution and conceded he had not filed an administrative grievance based upon the facts forming the basis of this lawsuit.  Plaintiff explained his failure for filing an administrative grievance by stating, "I do not feel this is a matter that can wait for a lengthy time frame.  This meat needs to be taken off the shelf before something happens to an innocent person."  (Document 2–Complaint, p. 4, ¶ II(B)(1-3)).

The PLRA's exhaustion requirement is set forth in 42 U.S.C. § 1997e(a), which states that:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 524-25, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001).

Exhaustion of administrative remedies is not a pleading requirement. *Wyatt v. Terhune*, 315 F.3d 1108, 1112 (9th Cir. 2003). It is an affirmative defense and inmates are not required to specially plead or demonstrate exhaustion in their complaints. *Jones v. Bock*, 549 U.S. 199, 216, 127 S.Ct. 910, 921, 166 L.Ed.2d 798 (2007). However a complaint may be subject to dismissal for failure to state a claim when an affirmative defense (such as failure to exhaust) appears on the face of the pleading. *Id*. at 920-921. Where the plaintiff specifically states in his Complaint or the documents submitted therewith that he has not exhausted his administrative remedies, the Court need not await a defendant's assertion of affirmative defenses to find that relief is precluded. "A prisoner's concession to nonexhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies." *Wyatt*, 315 F.3d at 1120.

Plaintiff concedes he did not file an administrative grievance based upon the facts which form the basis of his lawsuit. Although he argues this is an urgent matter, that does not excuse the exhaustion requirement.

Plaintiff conceded he did not file an administrative grievance regarding his claims and no exception applies in these circumstances.  Therefore, this case should be dismissed without prejudice for failure to exhaust administrative remedies.[1]

## IV.  CERTIFICATION REGARDING APPEAL

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless: (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed. R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be

---

[1]Notwithstanding the exhaustion problem, it is unclear whether Plaintiff even has standing to bring such a suit.  Under the United States Constitution's limited grant of authority to the federal judiciary, a plaintiff may not bring a "case" or "controversy" unless it has standing to do so. *See* U.S. Const. art. III, § 2; *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  To establish standing, a plaintiff must show: "(1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw*, 528 U.S. 167, 180-181 (2000).  Although Plaintiff claims mental stress and a fear of retaliation, these do not appear to be sufficient enough to show an injury in fact traceable to Defendants' alleged acts.  As Plaintiff is not one of the potential consumers of this meat it is unlikely he could establish standing to bring the claims alleged herein.

taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (quoting *Coppedge*, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke*, 490 U.S. at 325, 327; *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631 (9th Cir. 2000).

The record makes plain the instant Complaint is frivolous as Plaintiff admittedly failed to exhaust his administrative remedies. No reasonable person could suppose an appeal would have merit. Therefore, the Court should certify that any appeal of this matter would not be taken in good faith.

Based on the foregoing, the Court issues the following:

## ORDER

1.  Plaintiff's Motion to Proceed in Forma Pauperis (Document 1) is **GRANTED**. The Clerk of Court shall waive prepayment of the filing fee. While

Plaintiff will not be assessed an initial partial filing fee, Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action as set forth above.

2.  The Clerk shall edit the text of the docket entry for the Complaint (Document 1) to remove the word "LODGED" and the Complaint is **DEEMED FILED** on June 5, 2009.

3.  At all times during the pendency of this action, Plaintiff SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except if Plaintiff has been released from custody, the notice should so indicate.  The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

## RECOMMENDATIONS

1.  Plaintiff's Complaint (Document 2) should be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.  The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of

the Federal Rules of Civil Procedure.

2.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.  The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to these Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing.  Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

This order is not immediately appealable to the Ninth Circuit Court of

Appeals.  Any notice of appeal pursuant to Fed.R.Civ.P. 4(a)(1), should not be

filed until entry of the District Court's final judgment.

      DATED this 17th day of June, 2009.


                        */s/ Keith Strong*          
                        Keith Strong
                        United States Magistrate Judge