

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | | |
|---|---|---|
| GERALD FOSTER, | ) | CV 09-40-H-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MIKE MAHONEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Foster is a state prisoner proceeding pro se. He filed an action pursuant to 42 U.S.C. § 1983. United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendation in this matter on June 17, 2009. Judge Lynch recommended dismissing Foster's complaint for failure to exhaust administrative remedies. Plaintiff timely objected on July 1, 2009. Therefore, he is entitled to de novo review of those portions of the Findings and

Recommendation to which he objected. 28 U.S.C. § 636(b)(1). The portions of the Findings and Recommendation not specifically objected to will be reviewed for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981).

Foster's Complaint alleges that he was forced by Defendants to remove labels from meat and place false labels on the packages and that the meat was sent to the Missoula Food Bank. Judge Lynch found that the Complaint should be dismissed because Foster has not exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a). Foster objects, largely by attempting to argue the merits of his Complaint. He also restates his belief that he was not required to comply with the exhaustion requirement because he believed the issue was too important to be delayed by the administrative grievance process.

I agree with Judge Lynch. The Complaint acknowledges that Foster has not exhausted administrative remedies. Compl. At 4 (dkt #2). When the face of a pleading reveals that a plaintiff has not exhausted administrative remedies, dismissal of the action is appropriate. Jones v. Bock, 549 U.S. 199, 216 (2007). Further, Foster admits again in his objections that he has not exhausted administrative remedies, but offers no legal excuse for failing to do so. Pl.'s Obj. at 3 (dkt #6). The Complaint must be dismissed for failure to comply with the

exhaustion requirement of 42 U.S.C. § 1997e(a). I find no clear error in Judge Lynch's remaining findings and recommendations. Accordingly,

IT IS HEREBY ORDERED that Judge Lynch's Findings and Recommendation (dkt #4) are adopted in full. Foster's Complaint (dkt #2) is DENIED without prejudice.

IT IS FURTHER ORDERED that Foster's motion for summary judgment (dkt #7) is DENIED as moot.

The Clerk of Court is directed to close this matter and to judgment in favor of Defendants and against Foster pursuant to Fe.d R. Civ. P. 58.

The Clerk of Court is further directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

Dated this 30 day of July, 2009.

_____
Donald W. Molloy, District Judge
United States District Court